UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| BRAS DOBANE a.k.a. BRIAN L. TAYLOR, |
| Plaintiff, |
| -against- |
| TYH REALTY GROUP, et al., |
| Defendants. |

1:25-CV-9741 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Bras Dobane, also known as Brian L. Taylor, of South Orange, New Jersey,
brings this action *pro se*, asserting claims under the Fair Housing Act and 42 U.S.C. § 1985,
seeking damages. He sues: (1) TYH Realty Group, of Hillside, New Jersey; (2) "R.S.P.," of
Irvington, New Jersey; (3) Creative Capital Group, LLC, of Irvington, New Jersey; and
(4) Chestnut Gardens, LLC, of Irvington, New Jersey. For the following reasons, the Court
transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the
District of New Jersey.

## DISCUSSION

Under 28 U.S.C. § 1391(b)—the appropriate venue provision for Plaintiff's claims—
unless otherwise provided by law, a federal civil action may be brought in a federal district court
for:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if
> there is no district in which an action may otherwise be brought as provided in
> this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff alleges that all of the defendants reside within the State of New Jersey (ECF 1, at 9-10), which constitutes one federal judicial district, the District of New Jersey, *see* 28 U.S.C. § 110, and not within the State of New York, let alone, within this judicial district.[1] Thus, under Section 1391(b)(1), the United States District Court for the District of New Jersey, and not this court, is a proper venue for this action.

In addition, Plaintiff alleges that the property at issue is located, and that a substantial part, if not all, of the alleged events occurred, within the State of New Jersey (ECF 1, at 23-28); he alleges nothing to suggest that the property at issue is located, or that any of the alleged events occurred, within this judicial district. Thus, under Section 1391(b)(2), the United States District Court for the District of New Jersey, and not this court, is a proper venue for this action.

Under 28 U.S.C. § 1406(a), if a plaintiff files a federal civil action in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The named defendants all reside within the State of New Jersey, and all the alleged events also occurred within the State of New Jersey, which constitutes the District of New Jersey. *See* § 110. Accordingly, venue lies in

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

the United States District Court for the District of New Jersey, *see* § 1391(b)(1), (2), and in the interest of justice, the Court transfers this action to that court, *see* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees (ECF 2), and whether a court should request *pro bono* counsel to represent Plaintiff (ECF 3), are determinations to be made by the transferee court. The Court, therefore, also directs the Clerk of Court to terminate ECF 3 on this court's electronic docket. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 15, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3